JORDAN SULLIVAN v. WM. POWERS, RUTH ANN POWERS
and others.

*Deed, in Consideration of Marriage—Registration.*

A deed was executed in May, 1872, by A, for an expressed consideration of $500, but really in consideration of the promise of the bargainee, a single woman, to marry him; in November following she did marry him, and the deed was not registered until 1885; *Held,* that the deed was not a *marriage settlement,* or *marriage contract,* which, under § 1269 of *The Code,* is rquired to be registered within six months, to make it valid.

CIVIL ACTION, tried before *MacRae, J.,* at Spring Term, 1887, of the Superior Court of ASHE County.

This action is to recover possession of land, and the sole controvery is, as to the plaintiff's title thereto, under the following facts:

The defendant William Powers owned the land, and, becoming a surety on the official bond of one Parsons, Clerk of the Superior Court of Ashe County, was sued as such,

judgment recovered, and execution issued, under which the Sheriff sold and conveyed the land to the plaintiff.

The *feme* defendant Ruth A., in support of her title, introduced a deed from the said William Powers to herself, executed in May, 1872, for the recited consideration of five hundred dollars, conveying the land to herself, and proved that in April preceding, the grantor had agreed that, if she would marry him, and to this she gave consent, he would make her title thereto, in pursuance of which, the deed was made; and this was before the execution of the official bond of the Clerk. The marriage took place in November of the same year, and the deed to the *feme* defendant was registered some time in the year 1885.

Before the trial of the issues, and these facts appearing in evidence, the Court instructed the jury, that the deed to the *feme* defendant was a marriage contract or settlement, and, not having been proved and registered within six months, was inoperative against the plaintiff. To this charge the defendants excepted, and after verdict and judgment against the defendants, they appealed.

No counsel for the plaintiff.
*Mr. J. W. Hinsdale,* for the defendants.

SMITH, C. J., (after stating the case). The statute, on the construction of which the ruling is predicated, is brought forward in *The Code,* and constitutes section 1269, and is in these words:

"All marriage settlements and other marriage contracts, whereby any money or other estate shall be secured to the wife or husband, shall be proved or acknowledged, and registered in the same manner as deeds for land, within six months after the making thereof; otherwise, they shall be void against creditors."

The act of February 12th, 1872, sections 11 and 12 of which are *in pari materia*, and may modify the effect of that cited, since it went into operation on the first day of July thereafter, has no application to the present case, the deed having been executed before that time. *The Code,* §§ 182, 1821.

The same may be said of the Act of 1885, which gives efficacy to deeds conveying lands, other than leases not exceeding three years in duration, only from the date of registration, since this deed was registered under the provision of the law before in force.

The instrument before us, is, in form and substance, and was so intended by the parties, an absolute deed, passing the land unclothed with any trust whatever, though its consideration unexpressed and the inducement to making were a contemplated future marriage, afterwards entered into. Registration would have disclosed nothing, upon the face of it, to distinguish it from other conveyances of real property. The question is, whether the deed, because of its consideration, is within the purview of the statute cited. In our opinion, it is not. The law requiring registration refers to three classes of deeds: those absolute, and those with attaching trusts, and of the latter, distinguishes between such as are securities, and are denominated " deeds of trust and mortgages," and " marriage settlements," and contracts to be enforced as such. These distinctions run through all the enactments in reference to registration. " The deed in trust, meant in the act," says RUFFIN, C. J., in *Saunders* v. *Ferrill,* 1 Ired., at page 101, " is that species which, though of recent origin, has grown into general use *as a security* for debts, in the nature of a mortgage, with a power of sale." He intended, of course, to include in *debts* liabilities of every kind, fixed or contingent, against which security or indemnity were intended to be provided. In the same opinion, he speaks of marriage settlements in these words: " This *particular spe-*

*cies of deed of trust* is to be governed by its own peculiar reg-
ulations" A marriage settlement is, then, a conveyance of
property upon defined trusts, as a marriage contract is an
agreement that it shall be made, enforceable in a Court of
equity, and its effect to give a different direction to property
from that which would result from a marriage without any
settlement or contract for settlement, and looks most usually
to the interest of the wife and the issue of the marriage
union.

The present deed is a simple conveyance to the use of the
grantee, with no consideration or trusts resting in parol,
which, as evasive of the statute and incapable of registration,
might vitiate the instrument as against creditors, upon the
ruling in *Dukes* v. *Jones*, 6 Jones, 14.

What difference can it make, in the nature and effect of
the deed, whether the consideration was in money to be paid
or marriage to be performed, or there was no consideration
at all, unless it was put in this form for the purpose of de-
frauding future creditors, which is not suggested, inasmuch
as the *liability* upon the official bond was not incurred until
after the execution of the deed? We are unable to see how
the nature of the consideration can change the character of
the deed, and correct that which, alike in form and intent,
was, and is, an absolute deed, into a marriage settlement.
Nothing else but the title to the land is settled, and the wife,.
as well as the husband, retains every legal right that results
from the marriage consummated, to his and her own prop-
erty, and the property of the other, present or afterwards ac-
quired. It is in no sense the marriage settlement contem-
plated by the statute, and to give it a wider force, it would
embrace every gratuity given after contract, and in expecta-
tion of the forming of future marital relations. "Money or
other estate," is the comprehensive term used in the Act, re-
quiring the registration in six months. Even an infant fe-
male can execute a marriage settlement, so far as affects her

personal estate—*Satterfield* v. *Riddick*, 8 Ired. Eq., 265—while she could not make a deed for it, not avoidable, to a stranger.

There is error, and the judgment is reversed and a new trial awarded.

Error.